UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LOUIS J. FOLLINUS, | ) |
| Plaintiff, | ) CASE NO.  C04-2482RSL |
| v. | ) |
| RICHARD WISENOR, | ) ORDER GRANTING PLAINTIFF |
| Defendant. | ) ADDITIONAL TIME TO FILE |
| | ) AMENDED COMPLAINT |

In December 2004, plaintiff submitted to the Court for filing a civil rights complaint together with an application to proceed *in forma pauperis*.  Upon receipt of plaintiff's documents, the Clerk opened a new civil case and the case was assigned to the Honorable Robert S. Lasnik, United States District Judge, and to the Honorable Monica J. Benton, United States Magistrate Judge.  On March 4, 2005, Judge Benton issued an Order granting plaintiff leave to proceed with this action *in forma pauperis* and an Order declining to serve plaintiff's civil rights complaint and granting him leave to amend to correct certain specified deficiencies.

Plaintiff failed to timely file an amended complaint.  However, on May 19, 2005, the Court received a letter from plaintiff in which he indicates some confusion about how to proceed in this action.  Plaintiff notes in his letter that he received a minute order from the Court on February 18,

ORDER GRANTING PLAINTIFF ADDITIONAL
TIME TO FILE AMENDED COMPLAINT - 1

1  2005, indicating that the referral to Magistrate Judge Benton had been terminated. He therefore

2  questions whether he should disregard the orders issued by Judge Benton after that date. He also

3  appears to question whether Judge Benton properly construed the claim set forth in his complaint.

4  Plaintiff asserts in his letter that he is not attacking his conviction and that he believes Judge Benton

5  "missed the point" when she cited *Heck v. Humphrey* in her Order.

6  This Court has reviewed Judge Benton's Order declining to serve plaintiff's complaint and

7  concurs with the reasoning set forth therein. Plaintiff alleges in his complaint that the defendant, a

8  Special Agent with the Drug Enforcement Administration, improperly transferred tape recordings from

9  the State of Washington to the State of Idaho to be used against plaintiff in his Idaho criminal

10  proceedings. Plaintiff further alleges that, absent those tape recordings, he would not have been

11  convicted of the offense for which he is currently incarcerated.

12  Regardless of whether plaintiff intends to challenge his underlying conviction in these

13  proceedings, it appears that a decision in plaintiff's favor on the claim presented in his civil rights

14  complaint could nonetheless call into question the validity of his current confinement. A civil rights

15  claim which calls into question the lawfulness of a plaintiff's confinement does not accrue "unless and

16  until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ

17  of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 489 (1994). Thus, plaintiff may only proceed

18  with this action if he first demonstrates that a decision on the claim presented in his civil rights

19  complaint will not undermine the validity of his conviction or that his current confinement has been

20  invalidated in some fashion.

21  Because this Court concludes that Judge Benton properly construed plaintiff's claim, plaintiff

22  will be required to fully comply with Judge Benton's March 4, 2005, Order if he wishes to pursue this

23  action further. This Court will, however, grant plaintiff some additional time to submit his amended

24  complaint. Accordingly, the Court does hereby ORDER as follows:

25
26  ORDER GRANTING PLAINTIFF ADDITIONAL
TIME TO FILE AMENDED COMPLAINT - 2

1    (1) Plaintiff may file an amended complaint correcting the deficiencies identified in Judge
2    Benton's Order of March 4, 2005, not later than ***thirty (30) days*** from the date on which this Order is
3    signed. The amended complaint must carry the same case number as this one. If no amended
4    complaint is timely filed, this Court will recommend that this matter be dismissed under 28 U.S.C. §
5    1915(e)(2)(b) for failure to state a claim upon which relief can be granted.

6    (2) The Clerk is directed to send plaintiff a copy of Judge Benton's March 4, 2005, Order
7    declining to serve his complaint (Dkt. No. 8) together with the appropriate forms so that he may file
8    an amended complaint. The Clerk is further directed to send copies of this Order to plaintiff and to
9    the Honorable Robert S. Lasnik.

10   DATED this 7th day of June, 2005.

*James P. Donohue*

JAMES P. DONOHUE
United States Magistrate Judge

ORDER GRANTING PLAINTIFF ADDITIONAL
TIME TO FILE AMENDED COMPLAINT - 3