UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LOUIS J. FOLLINUS,<br><br>    Plaintiff,<br><br>    v.<br><br>RICHARD WISENOR,<br><br>    Defendant. | Case No. C04-2482-RSL<br><br>REPORT AND RECOMMENDATION |

INTRODUCTION AND SUMMARY CONCLUSION

This is a *pro se* civil rights complaint under *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971).[1] Plaintiff has been granted leave to proceed with this action *in forma pauperis*. Service has not been ordered. This Court concludes that plaintiff has failed to state a claim upon which relief can be granted and recommends that plaintiff's complaint, and this action, be dismissed, without prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B).

---

[1] Plaintiff filed this action under 42 U.S.C. § 1983. However, because plaintiff's complaint identifies a federal actor rather than a state actor as the defendant, the action is properly construed as one brought pursuant to *Bivens*.

REPORT AND RECOMMENDATION
PAGE - 1

## DISCUSSION

On December 15, 2004, plaintiff submitted a civil rights complaint to this Court for filing. He alleged therein that defendant Richard Wisenor, a Special Agent with the United States Drug Administration, improperly transferred tape recordings from the State of Washington to the State of Idaho to be used against plaintiff in his Idaho criminal proceedings. Plaintiff further alleged that, absent those tapes, he would not have been convicted of the offense for which he is currently incarcerated.

On March 4, 2005, the Honorable Monica J. Benton issued an Order declining to serve plaintiff's complaint and granting him leave to amend. Plaintiff was advised by Judge Benton that, in order to adequately state a claim for relief against defendant Wisenor, plaintiff must specifically identify the constitutional right allegedly violated by defendant Wisenor's conduct. Plaintiff was also advised that, in order to proceed, he must demonstrate that his claim against defendant Wisenor was not barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). Plaintiff was given thirty days within which to file an amended complaint curing the specified deficiencies.

On May 19, 2005, the Court received a letter from plaintiff in which he indicated some confusion about how to proceed in this action. On June 7, 2005, the undersigned issued an Order clarifying the procedural posture of the case and advising plaintiff that he must fully comply with Judge Benton's March 4, 2005, Order if he wished to proceed with this action. Plaintiff was granted an additional thirty days to file his amended complaint and was advised that his failure to do so would result in a recommendation that this action be dismissed. To date, plaintiff has filed no amended complaint.

Because plaintiff has neither adequately alleged a cause of action against defendant Wisenor, nor demonstrated that his civil rights claim is even eligible for review in light of *Heck*, this Court recommends that plaintiff's complaint, and this action, be dismissed, without prejudice, pursuant to

REPORT AND RECOMMENDATION
PAGE - 2

1. § 1915(e)(2)(B).  A proposed order accompanies this Report and Recommendation.

2. DATED this 26th day of August, 2005.

*James P. Donohue*

JAMES P. DONOHUE
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE - 3